IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EDNA MARTINEZ-RIVERA, et al.,**

**Plaintiffs,**

**v.**   Civil No. 11-1184 (GAG)

**COMMONWEALTH OF PUERTO RICO, et al.,**

**Defendants.**

**OPINION AND ORDER**

Presently before the court is defendant Vocational Rehabilitation Administration's ("Defendant") motion for reconsideration (Docket No. 57). For the following reasons the court **DENIES** the motion for reconsideration as to the failure to join a necessary party and **REFERS** the question of Eleventh Amendment immunity to Magistrate Judge McGiverin for Report and Recommendation.

**I.     Standard or Review**

Motions for reconsideration are generally considered under FED.R.CIV.P. 59 or 60, depending on the time such motion is served. Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 284 (1st Cir. 1993). Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to relitigate matters already litigated and decided by the court. Villanueva-Mendez v. Vazquez, 360 F.Supp. 2d 320, 322 (D.P.R. 2005). These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law. See Rivera Surillo & Co. v. Falconer Glass. Indus. Inc., 37 F.3d 25, 29 (1st Cir. 1994) (citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Co., 20 F. Supp. 2d 282, 286 (D .P.R. 1998)). Hence, this vehicle may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." National Metal Finishing Com. v. BarclaysAmerican/Commercial, Inc ., 899 F.2d 119, 123 (1st Cir. 1990).

**Civil No. 11-1184 (GAG)**

## II. Discussion

For the first time in this motion for reconsideration Defendant raises the issue of Eleventh Amendment immunity and failure to join a necessary party. In Defendant's motion to dismiss, Defendant argued the claims were time barred due to the statute of limitations. (See Docket No. 23.) Plaintiffs responded claiming the claims had been tolled due to administrative filings preceding the present suit. (See Docket No. 34.) Defendant then submitted a reply brief to further explain why Plaintiff's claims should be dismissed. Defendant failed, on two occasions, to raise the issues presently raised in the motion for reconsideration. "It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling." Cochran v. Quest Software Inc., 328 F.3d 1, 11 (1st Cir. 2003) (holding district court did not abuse discretion in refusing to reconsider its decision based on novel arguments). It is for this reason the court **DENIES** Defendant's motion for reconsideration regarding the failure to join the Board of Restructuring and Fiscal Stabilization ("JREF" for its Spanish acronym).

However, the court notes the potential for wasted resources if the only surviving claim continues, only to later be dismissed due to Eleventh Amendment immunity. It is in the trial court's discretion to allow consideration of the immunity defense because suit in violation of the Eleventh Amendment would be a manifest error of law. Because the court has already referred the remaining claim to Magistrate Judge McGiverin for a Report and Recommendation, the court finds the most efficient solution is for Magistrate Judge McGiverin to incorporate an analysis of the Eleventh Amendment within the Report and Recommendation. In doing so, Judge McGiverin will determine if any prospective injunctive relief is warranted, or if the injunctive relief may include any other retroactive remedy.

## III. Conclusion

Pursuant to the opinion and analysis above, the court **DENIES** Defendant's motion for reconsideration as to the non-joinder of JREF as a necessary party. The court **REFERS** the issue

**Civil No. 11-1184 (GAG)**

of Eleventh Amendment immunity to Magistrate Judge McGiverin for inclusion in the Report and Recommendation.

**SO ORDERED.**

In San Juan, Puerto Rico this 1st day of December 2011.

*s*/Gustavo A. Gelpí

GUSTAVO A. GELPI
United States District Judge

3